IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02422-WDM-KLM

CAROL HURTT,

    Plaintiff,

v.

NATIONAL ACTION FINANCIAL SERVICES, INC.,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on an Order to Show Cause. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C, this matter has been referred to this Court for a recommendation. Although Plaintiff was ordered to respond to the Order to Show Cause regarding why the complaint should not be dismissed for failure to prosecute, Plaintiff's counsel has failed to file a response. The Court has reviewed the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, I respectfully **RECOMMEND** that the case be **DISMISSED with prejudice**, as set forth below.

**I. Background**

    A Suggestion of Death of Plaintiff Carol Hurtt was filed by Plaintiff's counsel on August 31, 2009. Pursuant to Fed. R. Civ. P. 25(a), a motion for substitution of party must be made within 90 days after service of the statement noting the death. If the party fails to do so, "the action by or against decedent must be dismissed." *Id.*

1

Plaintiff's motion for substitution of party was due December 31, 2009. No motion has been filed. On June 25, 2010, the Court ordered Plaintiff to show cause why this action should not be dismissed or file a motion for substitution of party on or before July 23, 2010. Plaintiff was advised that failure to timely respond to the Order to Show Cause or to file a Motion pursuant to Fed. R. Civ. P. 25 (a) would result in this Court issuing a recommendation to dismiss this action for failure to prosecute. Plaintiff's counsel did not respond to the Order to Show Cause.

## II.    Analysis

Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss a plaintiff's claims for failure to prosecute, *see Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007), and provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir. 2009). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with

2

prejudice. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

### A. Prejudice to Defendant

From a review of the case file, I find that Plaintiff's counsel has not participated in this case since filing a Suggestion of Death. The failure to prosecute this case has caused prejudice to Defendant because it has been deprived of information and documents necessary to defend against Plaintiff's claims. Likewise, Defendant's burden is ongoing in that it must defend against allegations that it appears can no longer be pursued.

### B. Interference with the Judicial Process

Plaintiff has not responded to a Court Order. Just as Defendant is burdened by Plaintiff's failure to prosecute his case so, too, is the Court. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure, through counsel, to follow the Court's Order demonstrates a lack of respect for the Court, Defendant, and the judicial process. Moreover, the Court's continual review of his file and issuance of an Order to Show Cause necessitated by Plaintiff's negligence increases the workload of the Court and interferes with the

administration of justice.

### C. Culpability of Plaintiff

Plaintiff's counsel has failed to respond to the Court's Order to Show Cause [Docket No. 34] and has failed to provide any justification for his failure to prosecute this case.

### D. Advance Notice of Sanction of Dismissal

The Court has warned Plaintiff that he could be sanctioned for failure to comply with the Order to Show Cause [Docket No. 36]. Accordingly, the Court finds that Plaintiff's counsel had ample notice that his failure to comply with the Court's Order could result in the dismissal of his case.

### E. Efficacy of a Lesser Sanction

I conclude that no sanction less than dismissal with prejudice would be effective here. Based upon Plaintiff's lack of a response to the Order to Show Cause, the Court doubts that a monetary sanction would be practical or effective. Further, Plaintiff's failures impact both the judicial system and Defendant jointly, and considering that the case has been effectively neglected since the Suggestion of Death was filed by Plaintiff's counsel on August 31, 2009 [#33], the Court finds that no lesser sanction would be effective and dismissal with prejudice is the appropriate result.

### III. Conclusion

Accordingly,

IT IS HEREBY **RECOMMENDED** the case be dismissed with prejudice pursuant Fed. R. Civ. P. 41(b) for failure to prosecute.

IT IS FURTHER **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R.

4

Civ. P. 72(b), the parties have fourteen (14) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 2, 2010

                                              BY THE COURT:

                                              s/ Kristen L. Mix
                                              Kristen L. Mix
                                              United States Magistrate Judge